IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-05-457-E-BLW |
| | ) | CR-01-39-E-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| JUAN CASIMIRO CRUZ, | ) | **AND ORDER** |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-457-E-BLW and Docket No. 73 in CR-01-39-E-BLW).[1]  Having reviewed the Motion, the supporting Memorandum of Points and Authorities, the record of the prior proceedings, and being otherwise fully informed, the Court enters the following Order.

### REVIEW OF 28 U.S.C. § 2255 MOTION

**A.   Background and Summary of Claims**

Defendant pled guilty pursuant to a Plea Agreement (Docket No. 44) to one

---

[1] All further docket references shall be to the criminal case, Case No. CR-01-39-E-BLW.

**Memorandum Decision and Order - 1**

count of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and one count of possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). In return for his plea, the Government agreed to dismiss a third charge of possession with intent to distribute marijuana. On September 11, 2001, the Court imposed a term of imprisonment of 188 months on each count to be served concurrently. (Docket No. 66).

Defendant appealed his sentence challenging this Court's imposition of a 3-level increase in offense level for his role in the offense. On April 4, 2002, the Ninth Circuit affirmed Defendant's sentence finding that there was ample support for the increase. (Docket No. 70). This support included Defendant's argument at sentencing in favor of the 3-level increase suggested by the Probation Officer rather than the Government's requested 4-level increase. Defendant thereafter filed a petition for certiorari with the Supreme Court which was denied on November 18, 2002.[2]

Defendant filed his § 2255 Motion on November 3, 2005, alleging ineffective assistance of counsel on *Apprendi* grounds, invalid plea agreement, lack of subject matter jurisdiction due to the unconstitutionality of the Drug Act (CSA),

---

[2] The Court takes judicial notice of this information obtained from the docket summary of Defendant's case before the Ninth Circuit (Case No. 01-30326).

**Memorandum Decision and Order - 2**

and various *Booker* claims.

### B. Standard of Law

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  Paragraph 6 of § 2255 provides for a one-year statute of limitations running from the latest of several potential dates.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

### C. Discussion

Paragraph 6(1) of § 2255 provides that the one-year statute of limitations runs from the date the conviction becomes final.  In this case, Defendant's conviction became final when the Supreme Court denied his petition for certiorari, so the statute of limitations would have run on November 18, 2003, one year later.

**Memorandum Decision and Order - 3**

*See Clay v. United States*, 537 U.S. 522, 528 (2003).  However, Defendant did not file his § 2255 Motion until two years after that date.  Recognizing that his Motion would be otherwise time-barred, Defendant seeks to come within the purview of another provision of § 2255 that allows for filing within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. §2255, ¶ 6(3).  More specifically, in reliance on *United States v. Dodd*, 125 S.Ct. 353 (2005), Defendant argues that he had until January 12, 2006, one year from the date *Booker* was decided, to file his § 2255 Motion.[3]

Defendant's reliance on *Dodd* is misplaced.   He attempts to justify his position by citing the following language out of context:

> It [§2255, ¶ 6(3)] unequivocally identifies one, and only one, date from which the 1-year limitation period is measured: "the date on which the right asserted was initially recognized by the Supreme Court."

*Id.* at 2482.  Defendant ignores crucial additional language of the opinion:

> That clause-"if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"-imposes a condition on the applicability of this subsection. See Webster's Third New International Dictionary 1124 (1993) (the definition of

---

[3]  *United States v. Booker*, 543 U.S. 220 (2005).

**Memorandum Decision and Order - 4**

> "if" is "in the event that" or "on condition that"). It therefore limits ¶ 6(3)'s application to cases in which applicants are seeking to assert rights "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."§ 2255, ¶ 6(3). That means that ¶ 6(3)'s date-"the date on which the right asserted was initially recognized by the Supreme Court"-does not apply at all if the conditions in the second clause-the right "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"-have not been satisfied. . . . He may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met.

*Id.*  In other words, Defendant would have one year from the date of the *Booker* decision within which to file a § 2255 motion based on *Booker* if, and only if, *Booker* was made retroactive to cases on collateral review.  Neither the Supreme Court nor any Circuit Court has made *Booker* retroactive to cases on collateral review.  *See United States v. Cruz*, 423 F.3d 1119, 1119-20 (9th Cir. 2005) (holding that "*Booker*" does not apply retroactively to convictions that became final prior to its publication" and citing decisions from several other circuits in accord).  Accordingly, Defendant's § 2255 Motion is untimely.

Because it plainly appears from the face of the motion and the record of the prior proceedings that Defendant is not entitled to relief, his § 2255 Motion shall be summarily dismissed.

**Memorandum Decision and Order - 5**

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-05-457-E-BLW and Docket No. 73 in CR-01-39-E-BLW) is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-05-457-E-BLW is DISMISSED with prejudice in its entirety.



DATED:  **May 30, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court